Case 2:16-cv-00173-MCE-CKD   Document 20   Filed 04/21/16   Page 1 of 5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LANKFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSEBURG FOREST PRODUCTS CO.,<br><br>    Defendant. | No. 2:16-cv-173-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Derrick Lankford ("Plaintiff") brings this class action on behalf of himself and other similarly situated employees alleging that Defendant Roseburg Forest Products Co. ("Defendant") violated California wage and hour laws in operating its facility in Weed, California (the "Facility"). Presently before the Court are Defendant's Motion to Strike (ECF No. 11) and Plaintiff's Motion to Remand (ECF No. 13). For the following reasons, the Court GRANTS Plaintiff's Motion to Remand. Defendant's Motion to Strike is therefore DENIED as moot.

## BACKGROUND

Plaintiff was briefly employed at the Facility. In December 2015, he filed a complaint in Los Angeles County Superior Court alleging ten causes of action on behalf

1

of himself and similarly situated individuals. Specifically, Plaintiff alleges that Defendant violated California wage and hour laws by failing to pay overtime, meal period premiums, and rest period premiums. Plaintiff further claims that Defendant failed to pay its California employees minimum wages, failed to pay wages in a timely manner, provided incomplete wage statements, and violated California's unfair competition law.

Plaintiff's complaint did not specify an exact damages number in the Complaint, but Defendant nevertheless removed the case to this Court based on its assertion that the amount in controversy requirement necessary to create diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) is satisfied.[1] Plaintiff disagrees, arguing that Defendant has failed to meet its burden of showing that the amount in controversy exceeds $5 million as required by § 1332(d).

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to the federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. at § 1331. A district court has diversity jurisdiction over a class action "in which the matter in controversy exceeds . . . $5,000,000 [and] . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" Id. at § 1332(d)(2).

A defendant may remove any civil action from state court to federal district court if

---

[1] Plaintiff apparently filed his Complaint in Los Angeles because Defendant's agent for service of process is located in the County of Los Angeles. ECF No. 1 at 76, ¶ 4. If federal jurisdiction existed here, the Eastern District of California would be the proper venue for this action because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Weed, California, which is located in the Eastern District. Id. at 2, ¶ 4; 28 U.S.C. § 1391(b)(2).

1  the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The
2  party invoking the removal statute bears the burden of establishing federal jurisdiction."
3  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.
4  Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the
5  removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
6  Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in
7  the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any
8  time before final judgment it appears that the district court lacks subject matter
9  jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).
10        If the district court determines that removal was improper, then the court may also
11 award the plaintiff costs and attorney fees accrued in response to the defendant's
12 removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees
13 whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-
14 Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

18        The only question for this Court to resolve in connection with the instant Motion is
19 whether the amount in controversy in this action exceeds $5 million as required for
20 federal court jurisdiction under the Class Action Fairness Act ("CAFA").  See 28 U.S.C.
21 1332(d).  When a plaintiff challenges the amount in controversy under CAFA, the Ninth
22 Circuit requires the defendant opposing remand to demonstrate, by a preponderance of
23 the evidence, that the amount in controversy will likely exceed $5 million.  Ibarra v.
24 Manheim Investments, Inc., 775 F. 3d 1193, 1197 (9th Cir. 2015).  Where damages are
25 not stated in the complaint, the defendant must submit competent, summary judgment-
26 type evidence relevant to the amount in controversy at the time of removal in order to
27 carry its burden.  Id.  Although a defendant may rely on good-faith calculations to satisfy
28 its burden, those calculations must not be based on unreasonable or speculative

assumptions. Ellis v. Pac. Bell Tel. Co., No. SACV 10-01141, 2011 WL 499390 at *2 (C.D. Cal. Feb. 10, 2011); Ibarra, 775 F.3d at 1197.

Defendant's calculations here are far too conjectural to meet its burden of proving that the amount in controversy in this action exceeds $5 million.  The only piece of summary judgment-type evidence proffered by Defendant in support of its amount in controversy calculation is the declaration of Bonnie Seter, Defendant's Payroll and Salary Administration Manager.  ECF No. 16.  The Seter Declaration states that 285 non-exempt employees worked at the Facility from 2011 to the present, provides the average hourly rates of regular and overtime pay for those employees, and estimates the average number of those employees' workweeks, workdays, and hours.  Id.  Defendant then assumes a 100 percent violation rate to argue that the amount in controversy in this case may equal $6,702,722.13.  ECF No. 15 at 9.

As the Ninth Circuit has clearly held, Defendant's unsupported assumption of a 100 percent violation is unreasonable.  See Ibarra, 775 F. 3d at 1199.  Defendant's failure to submit competent evidence of its claimed violation rate is particularly inexcusable given that it has easy and unlimited access to the employee records and other documents which would show whether its estimate of a 100 percent violation rate had any basis in fact.  Because Defendant has failed to meet its burden of proof as to the amount in controversy in this lawsuit, Plaintiff's Motion to Remand is GRANTED.  Plaintiff's Motion to Strike is therefore DENIED as moot.

///
///
///
///
///
///
///
///

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 13) is GRANTED.  The case is hereby remanded to the Superior Court of the State of California, County of Los Angeles, and Plaintiff's Motion to Strike (ECF No. 11) is accordingly DENIED as moot.  The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  April 19, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT